FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 19 2012 ★
BROOKLYN OFFICE

D/P

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROOSEVELT CARABALI-RUIZ,

       Petitioner,

-against-

UNITED STATES OF AMERICA,

       Respondent.

-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-5511 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se petitioner Roosevelt Caraballi-Ruiz ("Ruiz") brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Ruiz is serving a sixty-month sentence and seeks a sentence reduction because of alleged ineffective assistance of counsel during sentencing, the prison's denial of his request to participate in a drug rehabilitation program, and inadequate medical care. For the reasons set forth below, Ruiz's motion is denied.

## I. BACKGROUND

Ruiz pleaded guilty in August of 2008 to one count of conspiracy to distribute and possess with intent to distribute cocaine and one count of conspiracy to launder drug proceeds. (See Transcript of Plea (Docket Entry # 6-2).) The court sentenced Ruiz to sixty (60) months' imprisonment, the mandatory minimum, and five (5) years of supervised release. (See Judgment (Criminal Docket, 07-CR-728 Entry # 149).) The court also ordered that Ruiz receive appropriate drug rehabilitation treatment, as approved by the probation department, during his period of supervision. (Id. at 4.) Ruiz filed his motion on December 10, 2009, while imprisoned in Philipsburg, Pennsylvania. (See Mot. (Docket Entry #1).) On July 21, 2011, Ruiz moved for default judgment, and at that time was imprisoned in McRae Correctional Facility in McRae, Georgia. (See Mot. for Default Judgment (Docket Entry # 4).)

1

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." But "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b). In § 2255 proceedings, a petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F. 3d 36, 40 (2d Cir. 2000). "The pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## III. DISCUSSION

### A. Motion for Default Judgment

Ruiz claims that the Government "has used a dilatory strategy to not respond to Petitioner's motion . . . and Court's order . . . nor requested extension of time to respond or excuse why it cannot respond. . . ." (Mot. for Default Judgment at 3.) The court declines to enter a default judgment for Ruiz based on the Government's alleged untimely filings. See Fed. R.Civ.P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."), see Rules Governing § 2255 Proceedings, Rule 12 ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") See also, Bermudez v. Reid, 733 F.2d 18, 21-22 (2d Cir. 1984) (finding that

judgment by default cannot be obtained in habeas proceedings brought against the United Stated unless the claimant first established his claim or right to relief by evidence satisfactory to the court).

### B. Ineffective Assistance of Counsel

Ruiz appears to claim that his counsel was constitutionally deficient in failing to notify the court about his health condition in order to receive a lesser sentence. (See Mot. at 16-17 ("[M]ovant submits that there is a likelihood that the defense counsel could have presented a strong argument in respect of movant's health condition.").) However, as Ruiz acknowledged in his motion, the sentence given was a *mandatory* minimum. Under the ineffective assistance of counsel standard described in Strickland v. Washington, 466 U.S. 668, 687 (1984), a court must find that counsel's performance prejudiced the defense in order to find that counsel was constitutionally deficient. Ruiz's ineffective assistance of counsel claim is denied because he cannot show any prejudice where the sentence given was a mandatory minimum.

### C. Prison Conditions and Drug Rehabilitation Program

Ruiz's motion alleges that he has not had access to a drug rehabilitation program and has received inadequate medical care. The court acknowledges that Ruiz's health condition appears to be severe.[1] However, these claims do not challenge the legality of the sentence imposed. Ruiz is challenging the manner in which his sentence is being executed, which should have been filed under section 28 U.S.C. § 2241. See Levine v. Apker, 455 F. 3d 71, 78 (2d Cir. 2006) (matters challengeable under section 2241 include "prison disciplinary actions, prison transfers, type of detention and prison conditions").

Section 2241 permits a federal prisoner to petition for habeas relief if he is "in custody in

---

[1] The Petition states that Ruiz is suffering from "pain, dizziness, loss of blood as a result of bowl [sic] movement . . . . [And] [t]here [is] evidence pointing to hemorrhiod [sic] condition. . . . [and] excessive pain during bowl [sic] movement and urinating."

3

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Challenges to present physical confinement are appropriately brought under § 2241. Levine, 455 F. 3d 71, 78 (concluding that "[a] challenge to the "execution of a sentence – in contrast to the imposition of a sentence – is properly filed pursuant to § 2241.") For habeas petitions brought under § 2241 "challenging present physical confinement, jurisdiction lies [] only . . . in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). To successfully challenge the conditions of his confinement as an Eighth Amendment violation, Ruiz must show that the conditions at the prison "deprive inmates of the minimal civilized measures of life's necessities." See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Ruiz's motion complained about the conditions of the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. However, he is now serving time in the McRae Correctional Facility in McRae, Georgia. This court does not have jurisdiction over either of these facilities. If Ruiz is still suffering from alleged Eighth Amendment violations at the facility in McRae, he may bring an action in the U.S. District Court for the Southern District of Georgia; however, Ruiz must consider carefully whether the Eleventh Circuit allows prisoners to seek relief on the type he desires under § 2241 or only under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Ruiz must also consider the exhaustion requirements that are prerequisites to each cause of action. Any claim for prospective relief that Ruiz may have had against the Pennsylvania facility are now moot. See Hill v. Zenk, 115 F. App'x 97, 97 (2d Cir. 2004) ("Because [petitioner] brought his action for relief against the warden of a facility in which he concedes he is no longer incarcerated, his petition for relief is moot.")[2]

---

[2] Ruiz may however attempt to bring a tort claim against the Pennsylvania facility under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"), or an Eighth Amendment claim, pursuant to Bivens. Ruiz should consider the exhaustion requirements of both. The Pennsylvania facility is located in Centre County, within the Middle District of Pennsylvania. If Ruiz brings such a case, he must do so in the Middle District of

4

## IV. CONCLUSION

Ruiz's motion for default judgment is DENIED. His § 2255 motion is DENIED. The denial of his motion is without prejudice to his right to bring an appropriate action in an appropriate jurisdiction to challenge his conditions of incarceration. The clerk of court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
     April _17_, 2012

NICHOLAS G. GARAUFIS  
United States District Judge

---

Pennsylvania.